UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Tywan G. Christopher, | Case No. 22-cv-2267 (KMM/DLM) |
| Plaintiff, | |
| v. | **ORDER** |
| Dakota County and Brady Ruark, | |
| Defendants. | |

The Court held a pretrial conference on Wednesday, September 10, 2025, and issued bench rulings on the parties' motions in limine and other evidentiary and trial-related issues. For those issues decided during the pretrial conference, the Court stated its reasoning on the record, and this Order briefly memorializes the Court's decisions.[1] This Order also addresses other pretrial issues taken under advisement by the Court but left unresolved at the hearing.

### A. Defendants' Motions in Limine

#### 1. Defendants' First Motion in Limine (Dkt. No. 73)

Defendants moved to exclude evidence regarding certain injuries Mr. Christopher allegedly sustained because of the assault at issue in this case, arguing that Mr. Christopher has not provided any expert testimony establishing causation. The Court denied the motion in large part based on the fact that causation of the injuries involved is sufficiently apparent that it can be inferred by the jury without the need for expert testimony. Plaintiff's counsel indicated that he would review with his client to what extent issues relating to injuries to Plaintiff's teeth will be

---

[1] If this Order can be read to contradict any rulings from the conference, the discussion at the conference controls the question. And if the parties have any questions or need further clarification, please email chambers.

1

raised as a category of damages at trial and inform the Court and opposing counsel about that issue when a decision has been reached on that aspect of trial.

### 2. Defendants' Second Motion in Limine (Dkt. No. 74)

Based on Plaintiff's representation that he would not be calling treating physicians as witnesses in this matter, defense counsel agreed that the second motion in limine is moot.

### 3. Defendants' Third and Fourth Motions in Limine (Dkt. Nos. 75, 76)

In the third motion in limine (Dkt. No. 75), Defendants seek an Order, pursuant to Federal Rule of Evidence 609(a)(2), allowing them to impeach Mr. Christopher's testimony with evidence regarding a 2003 criminal charge against him for providing false information to a police officer, the date of the charge, and the disposition of the charge. The Court granted this motion because the 2003 charge is a crime of dishonesty, and even though it is more than ten years old, it is highly probative because Mr. Christopher's credibility is a critical issue in this case. The 2003 conviction for providing false information to police can be identified by name and by the year it occurred.

In the fourth motion in limine, Defendants ask the Court to allow them to impeach Mr. Christopher's credibility by eliciting testimony regarding seven prior felony charges, the date of the charges, and the disposition of those charges, all pursuant to Federal Rule of Evidence 609(a)(1). This includes evidence regarding: (1) a 2007 charge for violating an order for protection; (2) a 2008 charge for second-degree possession of a controlled substance; (3) a 2019 fifth degree assault charge; (4) two 2019 charges for violating orders for protection; (5) a 2019 charge for violating a no-contact order; and (6) a 2020 charge for violating a no-contact order. The motion was granted in part and denied in part. The motion is denied with respect to the 2007 and 2008 convictions—evidence regarding those felonies are excluded based on their limited probative value due to their age and their potential prejudicial impact. The motion with is granted with respect to the 2019 assault charge, which is the charge for which Mr. Christopher was in pretrial

detention at the time of the assault at issue in this case. Plaintiff may be questioned about this conviction and it may be referenced by the name of the charge, the fact that Plaintiff entered an *Alford* plea, and that he received a thirty-six month sentence on that charge to run consecutively with other charges. Finally, the motion was granted in part with respect to four other felonies from 2019 and 2020. Those convictions may be referenced by the fact that Mr. Christopher had four other felony convictions, and they were all treated as one for purposes of sentencing, meaning that his sentence on all ran concurrently with the thirty-six-month sentence on the 2019 assault. The Court found that these four felonies should not, however, be referred to by the name of the charge.

Finally, the charges at issue can be introduced to the jury through questioning of Mr. Christopher. Collateral evidence, including records of the convictions, will not be admitted unless Mr. Christopher denies that he has the relevant criminal history. Furthermore, the Court will give the jury a limiting instruction about the role these prior convictions can play in their deliberations.

### B. Plaintiff's Motions

#### 1. Plaintiff's Motion in Limine No. 1 (Dkt. No. 89)

Mr. Christopher asks the Court to exclude any testimony, evidence, or arguments offered by the Defendants to establish or suggest that Mr. Christopher or Dominique Malone are liable for any portion of Mr. Christopher's injuries under Minnesota's contributory negligence/comparative fault doctrine. He suggests that principles of comparative fault do not apply in this case because Mr. Malone is not a party. Further, he argues Mr. Malone committed an intentional tort when he assaulted Mr. Christopher, and Minnesota law does not allow for apportionment of fault between negligent and intentional tortfeasors. Finally, Mr. Christopher argues that the Court should exclude any suggestion that he is to blame for his own injuries because there is no evidence suggesting that he had contributory fault or breached any duty of care.

The Court did not make a ruling on these issues at the pretrial conference and took the motion under advisement. Having reviewed the key cases and statutes cited by the parties and conducted some limited independent research, the Court continues to consider the matter under advisement and will discuss this issue further with the parties prior to trial. *See* Minn. Stat. §§ 604.01, 604.02; *McDougall v. CRC Indus., Inc.*, No. 20-cv-1499 (JRT/LIB), 2024 WL 4894656, at *11–12 (D. Minn. Nov. 26, 2024); *Glay ex rel. McGill v. R.C. of St. Cloud, Inc.*, No. A23-1464, 2024 WL 2266939 (Minn. ct. App. May 20, 2024)[2]; *Staab v. Diocese of St. Cloud*, 853 N.W.2d 713 (Minn. 2014); *Hartford Fire Ins. v. Clark*, 727 F. Supp. 2d 765 (D. Minn. 2010); *ADT Sec. Servs., Inc. v. Swenson ex rel. Lee*, 687 F. Supp. 2d 884, 894–96 (D. Minn. 2009); *Boone v. Martinez*, 567 N.W.2d 508 (Minn. 1997); *Florenzano v. Olson*, 387 N.W.2d 168 (Minn. 1986); *Lines v. Ryan*, 272 N.W.2d 896 (Minn. 1978); *Thorstad v. Doyle*, 273 N.W. 255 (Minn. 1937).

### 2. Plaintiff's Motion in Limine No. 2 (Dkt. No. 90)

The Court granted Plaintiff's second motion in limine in which Mr. Christopher seeks an Order excluding Defendants' Exhibits 136–147. Those exhibits consist of various incident reports prepared by Defendant Sergeant Ruark.[3] The Court found that these exhibits should not be introduced because they were not timely disclosed to the Plaintiff. However, this ruling does not preclude testimony from Sergeant Ruark about his general practice in responding to requests for

---

[2] On September 17, 2024, the Minnesota Supreme Court granted further review as a cross-appeal from the Minnesota Court of Appeals' decision. *Glay ex rel. McGill v. R.C. of St. Cloud, Inc.*, No. A23-1464 (Minn. Sept. 17, 2024) (Order granting PFR). The court held oral argument on March 11, 2025, and the matter remains under review at the time of this decision.

[3] These exhibits comprise the following incident reports from the Dakota County Jail: Ex. 136, dated August 23, 2018; Ex. 137, dated March 2, 2019; Ex. 138, dated May 3, 2019; Ex. 139, dated October 17, 2019; Ex. 140, dated November 23, 2019; Ex. 141, dated December 31, 2019; Ex. 142, dated October 20, 2020; Ex. 143, dated February 7, 2022; Ex. 144, dated September 1, 2022; Ex. 145, dated January 1, 2023; Ex. 146, dated March 16, 2023; and Ex. 147, dated February 7, 2024.

protective custody, nor testimony concerning what he has done in the past when someone at Dakota County Jail has requested protective custody.

### C. Deposition Designations

The parties raised certain objections to evidence that will be presented to the jury through the transcripts of witness deposition. The Court overruled Defendants' objections to designations of deposition testimony from Dominique Malone, Donald Chandler, and Sloane McPherson. (Dkt. No. 72.) Plaintiff also raised three objections to Defendants' designation of portions of Mr. Malone's deposition transcript. (Dkt. No. 99.) The Court sustained Mr. Christopher's objections in part (*see* Malone Dep. 8:20–9:1); overruled Mr. Christopher's objections in part (*id.* 10:120–11:1); and the parties reached agreement on appropriate redactions of an entire sentence (*id.* 13:17).

### D. Defense Exhibits 105 and 106

Mr. Christopher raised objections to Defense Exhibits 105 and 106, both of which are audio recordings. The Court overruled Mr. Christopher's objection to admission of Exhibit 105 and took under advisement the objection to Exhibit 106. Specifically, the Court took under advisement Mr. Christopher's argument that the contents of the recording in Exhibit 106 are protected by the attorney-client privilege. Mr. Christopher's objection to Exhibit 106 is now overruled.

Exhibit 106 is a recording of a call made by Mr. Christopher from Dakota County Jail to a law firm. He made the call after the assault. Mr. Christopher asserts that the phone call is protected by the attorney-client privilege because, even though he did not ultimately establish an attorney-client relationship with any lawyer at the firm and was referred elsewhere for help with his case,

he made the call as a prospective client and for the purpose of seeking legal advice.[4] Defendants argue that the communication at issue is not protected by the privilege because the Jail's call system informed Mr. Christopher that the call was being recorded and he had to acknowledge the same by pressing a button on the phone to continue the call. Having reviewed the recording of the call and the relevant caselaw on the issue, the Court finds that Exhibit 106 is not protected by the attorney-client privilege because Mr. Christopher had no reasonable expectation that his conversations with the law firm would remain private. *United States v. Hatcher*, 323 F.3d 666, 674 (8th Cir. 2003) ("The presence of the prison recording device destroyed the attorney-client privilege. Because the inmates and their lawyers were aware that their conversations were being recorded, they could not reasonably expect that their conversations would remain private. The presence of the recording device was the functional equivalent of the presence of a third party. These conversations were not privileged.").

Date: September 11, 2025

*s/Katherine Menendez*
Katherine Menendez
United States District Judge

---

[4] *See Stepnes v. Ritschel*, No. 08-cv-5296 (KMM/JJK), 2010 WL 11646709, at *5 (D. Minn. Mar. 1, 2010) (finding that federal common law of privilege governs a case with a federal question claim and a state law claim under supplemental jurisdiction); *see also Sandoval v. Am. Bldg. Maint. Indus., Inc.*, 267 F.R.D. 257, 273 (D. Minn. 2007) (explaining that "the attorney-client privilege attaches to preliminary discussions about representation between a lawyer and prospective client, even if the client decides not to employ the lawyer").